UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAPRITA A. KIMBLE | CIVIL ACTION |
| VERSUS | NO. 09-4214 |
| LERNER NEW YORK, INC.<br>d/b/a NEW YORK & CO. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

This is an employment action brought under Title VII, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., in which plaintiff, Shaprita A. Kimble, sued her former employer, Lerner New York, Inc. d/b/a New York & Co. ("New York & Co."). She asserted claims of age, racial and sexual discrimination and retaliation allegedly resulting in a wrongful demotion and eventual termination of her employment. Record Doc. No. 1, Complaint.

This matter was referred to the undersigned Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 21.

New York & Co. filed a motion for summary judgment, supported by various exhibits. Record Doc. No. 29. Defendant's exhibits include the declaration under penalty of perjury of its Human Resources Manager, Peg Park, Defendant's Exh. A; the declaration under penalty of perjury of Marianne Conzelman, a former managerial

employee of New York & Co. who hired Kimble in November 2007 and fired her in February 2009, Defendant's Exh. B; Kimble's deposition testimony, Defendant's Exh. C; the deposition testimony of Jacquelyn McGhee, a current employee of defendant who was plaintiff's immediate supervisor at the retail store where Kimble worked, Defendant's Exh. D; and another declaration by Park, Defendant's Exh. E, attesting that defendant's Exhibits F through O, consisting of records from its files, are true and correct copies of records kept in the ordinary course of its business.

Based upon this evidence, New York & Co. asserts that it is entitled to summary judgment as a matter of law because (1) Kimble's age discrimination claim is time-barred by her failure to file the captioned lawsuit within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding that claim; (2) plaintiff has no evidence sufficient to establish a prima facie case of age, race or gender discrimination or retaliation; and (3) even if she could establish a prima facie case of discrimination and/or retaliation, Kimble has no evidence sufficient to rebut defendant's legitimate, non-discriminatory, non-retaliatory reasons for demoting her and terminating her employment.

Kimble filed a memorandum in opposition to defendant's motion for summary judgment. Record Doc. No. 31. She concedes that her age discrimination claim is time-barred and does not oppose dismissal of that claim. New York & Co. filed a motion for

leave to file a reply memorandum, Record Doc. No. 32, which I granted by separate order that has not yet been filed into the record.

As to her race and gender discrimination and retaliation claims, Kimble principally argues that she was replaced by a white male; that New York & Co. had "systemic time and attendance issues extant in defendant's record keeping system(s)," which rebut the credibility of defendant's proffered legitimate reasons for its actions; and that she was terminated less than 45 days after filing her first charge of discrimination with the EEOC, a time period that provides the causal link between her complaint and the allegedly retaliatory acts. The only evidence that plaintiff submitted are her unsworn Answers to Interrogatories, Record Doc. No. 31-1, and an unsworn letter dated April 24, 2010 to plaintiff's attorney from Tasha Craddock, another former employee of defendant who previously worked with plaintiff. Record Doc. No. 31-2.

Having considered the complaint, the record, the submissions of the parties and the applicable law, **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**. Plaintiff has offered no competent evidence sufficient to create a triable issue of fact as to claims on which she bears the burden of proof at trial, so that summary judgment under the Celotex standard described below must be entered against her.

I. ANALYSIS

    A. Standard of Review for Summary Judgment Motions

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the action under governing law. An issue is 'genuine' if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party." Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23) (emphasis added).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998) (emphasis added); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation

omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

B.  Application of Summary Judgment Standard to this Record

The only competent evidence submitted in connection with this motion are the uncontroverted declarations and exhibits filed by defendant. That evidence establishes that District Sales Leader Marianne Conzelman, a white woman, hired plaintiff, an African-American woman, in November 2007 to work as a co-sales manager at a New York & Co. retail women's clothing store in Oakwood Mall in Gretna, Louisiana. The other co-sales manager at the Oakwood store was Todd Parks, a white man.

Conzelman was promoted to Regional Sales Leader in January 2008. Donna Moye replaced Conzelman as District Sales Leader. Tasha Craddock was the Oakwood store manager and plaintiff's immediate supervisor until Craddock resigned in early July 2008. Jacquelyn McGhee, an African-American woman, replaced Craddock as store manager about one month later.

When she was hired, Kimble received training and a copy of the New York & Co. employee handbook. Kimble knew that company policy required all store employees to arrive for and to leave work on time; to punch a time clock when they arrived for their shifts; to clock in and out when they left for and returned from unpaid break time, such as meal breaks; and to clock out when they left at the end of their shifts. She also knew

that falsification of time records and dishonesty are considered "Major Violations of Company Policy," which could result in immediate termination of employment.

After Kimble began working at the Gretna store, Conzelman and Moye both observed that her job performance was lacking in several areas, including that she had trouble with completing tasks timely, multitasking, motivating her staff, scheduling and maintaining the sales floor. When Kimble was the manager on duty at the store, sales and productivity declined. Because of these problems, Moye issued a first written warning to Kimble on July 31, 2008.

When McGhee became the Oakwood store manager in August 2008, she noticed immediately that Kimble was not clocking out for her meal breaks. McGhee, Moye and Conzelman then reviewed Kimble's time and attendance records and discovered that plaintiff frequently (1) was late to work, (2) failed to clock out for her meal breaks and (3) left work early before her shift ended. As a result, McGhee issued a second written warning to plaintiff on August 24, 2008.

Despite the two written warnings, plaintiff's time and attendance records show that, between August 4, 2008 and February 20, 2009, she was late to work 18 times, did not clock out for meal breaks 24 times and left early 54 times. She often took extended paid breaks, although such breaks were supposed to be limited to 15 minutes.

After Craddock resigned as store manager, Moye prepared plaintiff's 2008 mid-year performance review, on which Kimble had an overall rating of "does not meet expectations." However, Moye resigned in the fall of 2008 without having presented the review to Kimble. McGhee, who was then the store manager, presented the performance review to plaintiff on October 12, 2008.

Unhappy with her evaluation, plaintiff contacted Peg Park, the Human Resources Manager for New York & Co. Park asked Conzelman to contact Kimble to discuss the review. After talking to plaintiff, and because Moye had never gone over the review with plaintiff, Conzelman decided on October 17, 2008 to raise two of Kimble's job category ratings from "does not meet expectations" to "meets expectations."

On November 5, 2008, Conzelman and McGhee met with Kimble to discuss her job performance. Thereafter, plaintiff's performance not only did not improve, but it worsened. Sales associates at the Gretna store repeatedly complained to Conzelman and McGhee about plaintiff's behavior and job performance, including complaints that Kimble was rude to customers, intimidated and insulted the sales staff, and left work for long periods of time without clocking out. Several sales associates requested that they not be scheduled to work with Kimble.

On December 4, 2008, Kimble confronted McGhee about a scheduling issue. During the confrontation, Kimble got physically close to McGhee's face and screamed

at her. McGhee brought that incident to Conzelman's attention. On January 4, 2009, McGhee notified Conzelman that plaintiff was causing major problems at the store because she was not doing any work, was closing the fitting rooms early and was intimidating associates. McGhee asked Conzelman to help with a resolution.

In January 2009, New York & Co. implemented a company-wide restructuring called "Project Forward." As part of the restructuring, New York & Co. eliminated the co-sales manager positions at stores with sales of less than $2.5 million per year, including the Oakwood store.

Conzelman met with Kimble to tell her about Project Forward on January 6, 2009. Conzelman offered plaintiff three options: she could (1) sign a separation agreement and receive severance pay, (2) have her employment terminated or (3) accept a demotion to assistant sales manager at the Oakwood store. The next day, Kimble accepted the demotion.

Parks, the white, male co-sales manager, had less seniority with New York & Co. than plaintiff. When Kimble accepted the assistant sales manager job, no other position was available at the Oakwood store and Parks's employment was terminated. He was re-hired about a week later at another New York & Co. store in Baton Rouge, Louisiana, where a job became available as a result of the Project Forward restructuring.

Based on the complaints of McGhee and the sales associates concerning plaintiff, Conzelman conducted an investigation of Kimble's job performance and behavior. Conzelman reviewed plaintiff's time and attendance reports and interviewed the sales associates, seven of whom gave her written statements that included specific incidents and dates. The investigation revealed that Kimble was not performing her job duties, was mistreating and intimidating sales staff and customers, and was leaving work for long periods of time without clocking out.

Conzelman discussed her findings with McGhee and Park. Based on the substantial evidence of work time misrepresentation and poor performance, Conzelman and Park decided to terminate Kimble's employment. In the presence of McGhee, Conzelman fired plaintiff on February 20, 2009.

Parks, who had been laid off from the Oakwood store solely because of the restructuring and not for any reason related to his qualifications or job performance, was then working for New York & Co. in Baton Rouge. He transferred to the Oakwood store, which was a more convenient location for him, to work as an assistant sales manager in the position made vacant by the firing of Kimble.

Thus, defendant's overwhelming and uncontroverted evidence submitted in support of its motion establishes that plaintiff was demoted and then fired for legitimate,

non-discriminatory, non-retaliatory reasons. These reasons rebut her unsubstantiated allegations as to all causes of action in this lawsuit.

Plaintiff submitted only two items of purported "evidence" in opposition to defendant's motion for summary judgment. Her first exhibit is her Answers to Interrogatories, which are not "answered by the party to whom they are directed," not answered "under oath" and not signed by the person making them, as required by Fed. R. Civ. P. 33(b)(1)(A), (b)(3), (b)(5). Because the Answers to Interrogatories do not comply with Rule 33, they are not competent summary judgment evidence.

The second item of purported evidence is an unsworn letter dated April 24, 2010 to plaintiff's attorney from Craddock, the former Oakwood store manager who had resigned in early July 2008. This letter is not competent summary judgment evidence because it fails to comport with Fed. R. Civ. P. 56(b), (c)(2) and (e)(1), which require that evidence must be in the form of sworn affidavits, sworn declarations or deposition testimony and otherwise admissible.

Plaintiff's submissions are wholly insufficient to defeat summary judgment. In the absence of any admissible evidence from her, the facts established by defendant's evidence are uncontroverted, and New York & Co. is entitled to summary judgment in its favor as a matter of law on her claims of race and gender discrimination and retaliation. Fed. R. Civ. P. 56(e)(2).

Kimble clearly bears the burden of proof as to <u>all</u> causes of action asserted in her complaint. For example, she could establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a) "by proving: (1) that . . . she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action." <u>Williams v. Racetrac Petroleum, Inc.</u>, No. 09-141-SCR, 2010 WL 2035728, at *2 (M.D. La. May 20, 2010) (Riedlinger, M.J.) (citing <u>Lemaire v. Louisiana Dep't of Transp. & Dev.</u>, 480 F.3d 383, 388 (5th Cir. 2007); <u>Littlefield v. Forney Indep. Sch. Dist.</u>, 268 F.3d 275, 282 (5th Cir. 2001)). If, as here, defendant has submitted evidence sufficient to establish legitimate, non-retaliatory reasons for its employment action, the burden then shifts back to plaintiff to produce evidence to create a material fact issue that defendant retaliated against her "because . . . she engaged in protected activity." <u>Id.</u> at *3.

Similarly, plaintiff bears the burden of proof as to all of her Title VII discrimination claims, regardless of their specific characterization. As to such claims, plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). "In cases involving termination [or other adverse employment action] for workplace rule violations, an individual must first establish a prima facie case for

discrimination." Jackson v. Dallas County Juvenile Dep't, 288 Fed. Appx. 909, 2008 WL 2916375, at *2 (5th Cir. 2008) (citing McDonnell Douglas Corp., 411 U.S. at 802).

Plaintiff can satisfy this burden with circumstantial evidence that (1) she was a member of a protected class, (2) she was qualified for the position, (3) she was demoted or her employment was terminated and (4) she was replaced by an individual of a different race or gender, or that defendant treated similarly situated individuals of a different race or gender more favorably than it treated her. Taylor v. Peerless Indus. Inc., 322 Fed. Appx. 355, 2009 WL 837326, at *1 n.1, *5 (5th Cir. 2009) (citing Berquist v. Wash. Mut. Bank, 500 F.3d 344, 350-51 (5th Cir. 2007); Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1506 (5th Cir. 1988)) (demotion); Jackson, 2008 WL 2916375, at *2 (citing McDonnell Douglas Corp., 411 U.S. at 802; Bryan v. McKinsey & Co., 375 F.3d 358, 360 (5th Cir. 2004)) (termination).

> If a prima facie case for discrimination can be established, then the burden shifts to the [defendant] to rebut [plaintiff's] case by articulating a legitimate, nondiscriminatory reason for his termination [or other adverse employment action]. If the [defendant] present[s] such a reason, then the burden shifts back to [plaintiff] to show that the [defendant's] reasons for [its adverse employment action] are not true, but are mere pretexts for discrimination, or that the reasons are true, but his race was a motivating factor.

Id. (citing McDonnell Douglas Corp., 411 U.S. at 802, 804-05).

Furthermore, "'[t]o establish disparate treatment, a plaintiff must demonstrate that a 'similarly situated' employee under 'nearly identical' circumstances, was treated

differently." Id. (quoting Wheeler v. BL Dev. Corp., 415 F.3d 399, 406 (5th Cir. 2005); Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995)).

The Celotex standard detailed above makes it clear that, under these circumstances, Kimble must come forward with competent evidence sufficient to support the essential elements of her claims and to demonstrate disputed material facts necessitating trial. She cannot rest on her pleadings, mere allegations, speculation and self-serving unsworn conclusions. Fed. R. Civ. P. 56(e)(2); Roberson v. Alltel Info. Servs., 373 F.3d 647, 654 (5th Cir. 2004); Lawrence v. University of Tex., 163 F.3d 309, 313 (5th Cir. 1999); Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). In the absence of the presentation of competent evidence by plaintiff, especially in light of the overwhelming body of uncontroverted evidence supporting defendant's position submitted with this motion, entry of summary judgment in defendant's favor is warranted.

This decision would not change even if plaintiff's Answers to Interrogatories and Craddock's letter statement were sworn. Kimble's Answers to Interrogatories contain no information concerning any element of her prima facie case of discrimination or retaliation. Craddock's letter contains nothing but speculation about the motives of Conzelman and McGhee and opinions that are not based on personal knowledge concerning employment actions that occurred when Craddock was no longer working at

the Oakwood store. Ultimately, Craddock concludes that, "[i]n my opinion, Ms. Conzelman had a personal vendetta against Ms. Kimble for reason's [sic] unknown." Record Doc. No. 31-1. Nothing in this particular speculative opinion, or in the entire letter, supports an inference that Conzelman or anyone at New York & Co. acted with discriminatory or retaliatory intent. Craddock's letter is wholly insufficient to rebut defendant's legitimate reasons for demoting plaintiff and terminating her employment.

Moreover, although plaintiff does not cite to her own deposition testimony in support of her opposition to defendant's motion for summary judgment, I have reviewed the entire deposition transcript, which defendant submitted with its motion. In her testimony, Kimble identified <u>no evidence</u> that would create a genuine issue of material fact in dispute concerning the legitimacy of defendant's reasons for its actions. Plaintiff's mere "subjective belief," unsupported by any material facts, that she was subjected to adverse employment actions based upon race, gender or retaliation is insufficient to create an inference of the defendants' discriminatory or retaliatory intent. <u>Roberson v. Alltel Info. Servs.</u>, 373 F.3d 647, 654 (5th Cir. 2004) (citing <u>Lawrence v. University of Tex.</u>, 163 F.3d 309, 313 (5th Cir. 1999); <u>Ramsey v. Henderson</u>, 286 F.3d 264, 269 (5th Cir. 2002)).

The mere fact that New York & Co. hired Parks, a white male, to replace Kimble is insufficient, without more, to support an inference that defendant's reasons for firing

plaintiff were discriminatory. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000) (citing Nieto v. L & H Packing Co., 108 F.3d 621, 624 n.7 (5th Cir. 1997); Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir. 1996)). Defendant's uncontroverted summary judgment evidence establishes that Parks was qualified to replace Kimble and that she was fired for legitimate, non-discriminatory reasons.

Similarly, mere temporal proximity between Kimble's filing of discrimination charges with the EEOC and her demotion and termination, without more, is insufficient to defeat summary judgment on her retaliation claims. Just as in Roberson, Kimble's

> argument is reduced to the following: the sole evidence of [defendant's] retaliation is that the reduction-in-force occurred after [her] discrimination complaints. On the other hand we have [defendant's] undisputed legitimate, nondiscriminatory reason for its employment action: a company-wide reduction-in-force. Without more than timing allegations, and based on [defendant's] legitimate, nondiscriminatory reason in this case, summary judgment in favor of [defendant] was proper.

Roberson, 373 F.3d at 656 (citations omitted); accord Strong v. University Health Care Sys., L.L.C., 482 F.3d 802, 807 (5th Cir. 2007). New York & Co. has produced overwhelming evidence of its legitimate, non-retaliatory reasons for both demoting and firing plaintiff, while Kimble has failed to meet her burden to come forward with any evidence to support her claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED, and that all of plaintiff's claims are DISMISSED WITH PREJUDICE, plaintiff to bear all costs of this proceedings. Judgment will be entered accordingly.

New Orleans, Louisiana, this \_\_\_30th\_\_\_ day of June, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE